```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DANIEL GETZ, individually and on         :    18cv4652(DLC)
behalf of all others similarly           :
situated,                                :    OPINION AND ORDER
                                         :
                    Plaintiff,           :
          -v-                            :
                                         :
VERIZON COMMUNICATIONS, INC., a          :
Delaware corporation,                    :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiff:
Ross H. Schmierer
315 Madison Avenue, 3rd Floor
New York, New York 10017

Avi R. Kaufman
Kaufman P.A.
400 NW 26th Street
Miami, Florida 33127

Andrew J. Shamis
Shamis & Gentile, P.A.
14 NE 1st Ave, Suite 400
Miami, Florida 33132

For the defendant:
Gavin J. Rooney
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020

DENISE COTE, District Judge:

This case is a putative class action brought by plaintiff Daniel Getz ("Getz"), individually and on behalf of all others

similarly situated, against defendant Verizon Communications Inc. ("Verizon"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Verizon has moved to stay the action and compel arbitration pursuant to the terms of the Customer Agreement between it and Getz ("the Customer Agreement").

**Background**

The following facts are taken from the complaint and the evidence that was submitted in connection with Verizon's motion to compel arbitration.  This Opinion summarizes only those facts relevant to the instant motion.

On October 19, 2016, Getz visited a Verizon Wireless retail store in Coral Gables, Florida, where he purchased a new Apple iPhone SE and subscribed to a Verizon plan for data, talk, and text services for that iPhone.  Getz signed a receipt which confirmed that he consented to the Verizon Customer Agreement, including the settlement of disputes by arbitration instead of jury trial.  He had the opportunity to view the Customer Agreement by clicking a button on the tablet on which he signed the receipt.

The Customer Agreement contained the following agreement to arbitrate disputes ("the Arbitration Clause"):

> The Federal Arbitration Act Applies to this Agreement.
> Except for small claims court cases that qualify, any
> dispute that in any way relates to or arises out of

> this agreement or from any equipment, products and
> services you receive from us (or from any advertising
> for any such products or services), including any
> disputes you have with our employees or agents, will
> be resolved by one or more neutral arbitrators . . . .

On October 27, 2017, Getz received two text messages from Verizon on his Verizon cell phone, advertising a promotion for the new iPhone X. Getz alleges that Verizon used an automatic telephone dialing system to send the unsolicited text messages to large numbers of consumers.

On May 25, 2018, Getz commenced this putative class action asserting that Verizon's actions violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. Specifically, he alleges that Verizon sent text messages to his cell phone and those of other class members using automated telephone equipment without the recipients' consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii). This section generally prohibits using an automatic telephone dialing system to make a call to a cellular telephone.

On July 23, 2018, Verizon moved to compel arbitration and stay the action pursuant to the Arbitration Clause and the Federal Arbitration Act, 9 U.S.C. § 3. The motion became fully submitted on August 31.

Getz concedes that he consented to arbitration when he signed the Customer Agreement. The only disputed issue is the scope of the Arbitration Clause.

**Discussion**

When deciding motions to compel arbitration, courts apply a standard "similar to that applicable for a motion for summary judgment." Meyer v. Uber Techs., Inc., 868 F.3d 66, 74 (2d Cir. 2017) (citation omitted). On a motion for summary judgment, courts consider "all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," and draw all reasonable inferences in favor of the non-moving party. Id. (citation omitted). "Where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [courts] may rule on the basis of that legal issue and avoid the need for further court proceedings." Id. (citation omitted). Courts must decide whether parties have agreed to arbitrate "unless the parties clearly and unmistakably provide otherwise." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016).

Under Section 2 of the Federal Arbitration Act ("FAA")

> a written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA was enacted in response to "widespread judicial hostility to arbitration." Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2308-09 (2013). The Supreme Court has emphasized that the FAA declares a national policy favoring arbitration and courts must "rigorously enforce arbitration agreements according to their terms." Id. at 2309 (citation omitted); see also Nitro-Lift Technologies, L.L.C. v. Howard, 568 U.S. 17, 20 (2012); Citigroup, Inc. v. Abu Dhabi Inv. Auth., 776 F.3d 126, 129 (2d Cir. 2015). Consistent with this policy, "[a] party to an arbitration agreement seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." Harrington v. Atlantic Sounding Co., Inc., 602 F.3d 113, 124 (2d Cir. 2010). Courts routinely enforce agreements to arbitrate within the context of putative class actions. See, e.g., AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011); Italian Colors, 133 S. Ct. at 2311; Meyer, 868 F.3d at 70.

Here, both parties concede that they have agreed to arbitrate claims arising from the Customer Agreement. They disagree over whether the scope of the Arbitration Clause extends to the TCPA claims that Getz advances.

> In light of the strong federal policy in favor of arbitration, the existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not

5

> susceptible of an interpretation that covers the
> asserted dispute. Doubts should be resolved in favor
> of coverage.

Holick v. Cellular Sales of N.Y., LLC, 802 F.3d 391, 395 (2d Cir. 2015) (citation omitted).

The first step in this analysis is to classify the Arbitration Clause as either narrow or broad. In doing so,

> a court must determine whether, on the one hand, the
> language of the clause, taken as a whole, evidences
> the parties' intent to have arbitration serve as the
> primary recourse for disputes connected to the
> agreement containing the clause or if, on the other
> hand, arbitration was designed to play a more limited
> role in any future dispute.

Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 225 (2d Cir. 2001).

The language of the Arbitration Clause is broad. The Arbitration Clause covers, in part, "any dispute that in any way relates to or arises . . . from any equipment, products and services you receive from [Verizon] (or from any advertising for any such products or services) . . . ." This is sufficiently broad to create a strong presumption of arbitrability. See, Collins & Aikman Products Co. v. Building Systems, Inc., 58 F.3d 16, 20 (2d Cir. 1995) (the phrase "any claim or controversy arising out of or relating to the agreement" is "the paradigm of a broad clause").

Getz contends that the phrase "advertising for any such products or services" refers to products or services that the

customer has already received.  Because he did not purchase the iPhone X that was advertised to him, he contends that the advertising was not for a product he has received, and therefore it is outside the scope of the Arbitration Clause.  This construction is insufficient to escape the broad reach of the Arbitration Clause.  This dispute "relates to or arises from" the "services" Getz received.  The text messages in question were received on a Verizon phone and sent using Verizon's wireless service.  Moreover, the purpose of the advertising was to make Getz aware of an available upgrade to his existing Verizon phone, to be used with his existing Verizon wireless service.  Because the parties have consented to a broad agreement to arbitrate and Getz has failed to overcome the strong presumption of arbitrability that attaches to such agreements, Verizon's motion to compel arbitration is granted.

## Conclusion

Verizon's July 23, 2018 motion to compel arbitration is granted.  The action is stayed pending the outcome of arbitration proceedings.

Dated:     New York, New York
           October 24, 2018

                              _____
                                        DENISE COTE
                              United States District Judge